Linda Bondi Morrison, Esq., (SBN 210264)
lmorrison@tresslerllp.com
TRESSLER LLP
2 Park Plaza, Suite 1050
Irvine, California 92614
Telephone: (949) 336-1200
Facsimile: (949) 752-0645

Attorney for Plaintiff
EVANSTON INSURANCE COMPANY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> AMA WHOLESALE INC., a California corporation; LAYIQ AHMAD; AMAZON.COM, LLC, a Delaware limited liability Company; and AMAZON.COM SERVICES, INC., a Delaware corporation, <br><br> Defendants. | CASE NO.  2:22-cv-02171 <br><br> **EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT OF DEFENSE FEES AND COSTS** <br><br> Action filed:  April 1, 2022 |

Plaintiff Evanston Insurance Company ("Evanston"), by and through its undersigned counsel, hereby files its Complaint for Declaratory Relief and Reimbursement of Defense Fees and Costs against Defendants AMA Wholesale Inc. ("AMA"); Layiq Ahmad ("Ahmad"); Amazon.com, LLC ("Amazon LLC"); Amazon.com Services, Inc. ("Amazon Services"), and states as follows:

/ / /

/ / /

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT OF DEFENSE FEES AND COSTS

## INTRODUCTION

1.     Evanston brings this action to secure a declaration that it owes no duty to defend or indemnify its named insured, AMA, and Ahmad, its insured with respect to his duties as an executive director or officer of AMA, under a general liability (including products/completed operations liability) policy issued by Evanston, in a lawsuit filed in the Superior Court of the State of California, County of Los Angeles – Central District, styled *Jeffery Sapp, et al. v. Amazon.com, LLC, et al.,* Case No. 19STCV06444 (the "Underlying Action") against AMA, Amazon LLC, Amazon Services, Ahmad, and others involving bodily injuries suffered by the plaintiff, Jeffery Sapp, and related injuries suffered by the plaintiff, Renae Sapp (collectively "Plaintiffs").  Evanston also seeks a declaration that it has no duty to defend or indemnify Amazon LLC and Amazon Services, as additional insureds, in the Underlying Action, and that it is entitled to reimbursement of amounts it has paid and that may be paid for AMA's, Amazon LLC's, Amazon Services', and Ahmad's defense in the Underlying Action.  In addition, Evanston seeks reimbursement of fees and costs it has paid to defend AMA, Ahmad, Amazon LLC, and Amazon Services in the Underlying Litigation.

## PARTIES

2.     Evanston is an insurance company organized and existing under the laws of the State of Illinois with its principal place of business in Rosemont, Illinois.

3.     AMA is a California corporation with its principal place of business in California.

4.     Ahmad is a citizen and resident of the State of California.

5.     Amazon LLC is a Delaware limited liability company and was at all relevant times authorized to do business in the State of California and this judicial district.

/ / /

/ / /

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT OF DEFENSE FEES AND COSTS

6.      Amazon Services is a Delaware corporation with its principal place of business in Washington.    Amazon.com Services, Inc. was at all relevant times authorized to do business in the State of California and this judicial district.

## JURISDICTION AND VENUE

7.      Evanston files this action in the United States District Court for the Central District of California on the basis of diversity of citizenship.

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C §1332(a)(1), because there is complete diversity between Evanston on one hand, and AMA, Amazon LLC, Amazon Services, and Ahmad on the other, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.      Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. § 1391(b)(2) as the judicial district in which most, if not all, of the events giving rise to this litigation occurred.

10.      Evanston files this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and Federal Rules of Civil Procedure, Rule 57, to resolve an actual controversy between Evanston and AMA as to whether Evanston owes a duty to defend or indemnify AMA in the Underlying Action, which alleges injuries resulting from the consumption of various male sexual enhancement supplements, branded "Rhino-" ("Rhino Products"), allegedly designed, manufactured, sold, marketed, advertised, labeled, packaged, and/or distributed by AMA, Amazon Services, Amazon LLC, Ahmad, and others.  Evanston seeks a declaration that it has no duty to defend or indemnify AMA in the Underlying Action, and that it is entitled to reimbursement of amounts that it has paid for AMA's defense of the Underlying Action.

11.      Evanston files this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and Federal Rules of Civil Procedure, Rule 57, to resolve an actual controversy between Evanston and Ahmad as to whether Evanston owes a duty to defend or indemnify Ahmad in the Underlying Action, which alleges injuries

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT OF DEFENSE FEES AND COSTS

1  resulting from the consumption of Rhino Products allegedly designed,
2  manufactured, sold, marketed, advertised, labeled, packaged, and/or distributed by
3  AMA, Amazon Services, Amazon LLC, Ahmad, and others.  Evanston seeks a
4  declaration that it has no duty to defend or indemnify Ahmad in the Underlying
5  Action, and that it is entitled to reimbursement of amounts that it has paid for
6  Ahmad's defense of the Underlying Action.

7      12.    Evanston files this action under the Declaratory Judgment Act, 28
8  U.S.C. §§ 2201, 2202 and Federal Rules of Civil Procedure, Rule 57, to resolve an
9  actual controversy between Evanston and Amazon LLC as to whether Evanston
10 owes a duty to defend or indemnify Amazon LLC in the Underlying Action, which
11 alleges injuries resulting from the consumption of Rhino Products allegedly
12 designed, manufactured, sold, marketed, advertised, labeled, packaged, and/or
13 distributed by AMA, Amazon Services, Amazon LLC, Ahmad, and others.
14 Evanston seeks a declaration that it has no duty to defend or indemnify Amazon LLC
15 in the Underlying Action, and that it is entitled to reimbursement of amounts that it
16 has paid for Amazon LLC's defense of the Underlying Action.

17     13.    Evanston files this action under the Declaratory Judgment Act, 28
18 U.S.C. §§ 2201, 2202 and Federal Rules of Civil Procedure, Rule 57, to resolve an
19 actual controversy between Evanston and Amazon Services as to whether Evanston
20 owes a duty to defend or indemnify Amazon Services in the Underlying Action,
21 which alleges injuries resulting from the consumption of Rhino Products allegedly
22 designed, manufactured, sold, marketed, advertised, labeled, packaged, and/or
23 distributed by AMA, Amazon Services, Amazon LLC, Ahmad, and others.
24 Evanston seeks a declaration that it has no duty to defend or indemnify Amazon
25 Services in the Underlying Action, and that it is entitled to reimbursement of
26 amounts that it has paid for Amazon Services' defense of the Underlying Action.

27 / / /

28 / / /

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR
DECLARATORY RELIEF AND REIMBURSEMENT OF DEFENSE FEES
AND COSTS

# GENERAL FACTUAL ALLEGATIONS

## The Policy

14.    Evanston issued claims made general liability (including products/completed operations liability) coverage to AMA under policy number SP885589 ("the Policy") effective October 26, 2018 to October 26, 2019.  A true and correct copy of the Policy is attached as **Exhibit A**.

15.    The Policy contains a limit of $1 million for each occurrence and a $2 million aggregate limit, subject to an October 26, 2017 retroactive date.

16.    The Policy contains General Liability (Including Products And Completed Operations Liability) Insurance Policy form PD-22000-02 06 04 which contains the following relevant language:[1]

**THE INSURED**

The unqualified word "Insured", either in the singular or plural, means:

A. the Named Insured named in Item 1. of the Declarations;

\* \* \*

E. if the Named Insured named in the Declarations is other than an individual, partnership, joint venture or limited liability company, the organization so designated and any executive officer or director thereof, but only with respect to his/her duties as an executive officer or director of such organization;

\* \* \*

**INSURING AGREEMENTS**

A. **Coverage A. – Bodily Injury and Property Damage Liability:** The Company shall pay on behalf of the Insured

---

[1] Reference herein to certain language in the Policy is without waiver of Evanston's right to rely upon any additional language appearing in the Policy in connection with coverage for the claims at issue in the Underlying Action.

all sums in excess of the Deductible amount stated in Item 5. of the Declarations, which the Insured shall become legally obligated to pay as Damages as a result of Claims first made against the Insured during the Policy Period or during the Extended Reporting Period, if exercised, and reported to the Company pursuant to Section Claims A., Claim Reporting Provision, for Bodily Injury or Property Damage to which this insurance applies caused by an Occurrence, provided:

1. the entirety of such Bodily Injury or Property Damage and Occurrence happens during the Policy Period or on or after the Retroactive Date stated in Item 7. of the Declarations; and

2. such Bodily Injury or Property Damage arises out of only those products, goods, operations or premises specified in Item 6. of the Declarations.

\* \* \*

**DEFINITIONS**

\* \* \*

E. **Bodily Injury** means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

Bodily injury shall also mean Incidental Medical Malpractice Injury, provided that the Named Insured is not engaged in the business or occupation of providing professional health care services.

F. **Claim** means a notice received by the Insured of an intention to old the Insured responsible for: (1) a Bodily Injury; (2) a Property Damage; (3) an Advertising Injury; or (4) a Personal Injury; involving this policy and shall include the service of suit or institution of arbitration proceedings against the Insured.

/ / /

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT OF DEFENSE FEES AND COSTS

G. **Claim Expenses** means reasonable and necessary amounts incurred by the Company or by the Insured with the prior written consent of the Company in the defense of that portion of any Claim for which coverage is afforded under this policy, including the costs of investigation, court costs, costs of bonds to release attachments and similar bonds, but without any obligation of the Company to apply for or furnish any such bonds, and costs of appeals; provided, however, that Claim Expenses shall not include: (1) salary, wages, overhead, or benefit expense of or associated with employees or officials of the Named Insured or employees or officials of the Company; or (2) salary, wages, administration, overhead, benefit expenses, or changes of any kind attributable to any in-house counsel or captive out-of-house counsel for the Named Insured or the Company.

Solely for the purposes of liability assumed in an Insured Contract, Claim Expenses incurred by or for a party other than an Insured are deemed to be Damages because of Bodily Injury or Property Damage; provided, however, that:

1. Liability to such party for, or the cost of, that party's defense has also been assumed in the same Insured Contract; and

2. Such Claim Expenses are for the defense of that party against a civil or alternative dispute resolution proceeding in which Damages to which this insurance applies are alleged.

\* \* \*

P. **Occurrence** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

/ / /

7

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT OF DEFENSE FEES AND COSTS

**THE EXCLUSIONS**

\* \* \*

B.  With respect to Coverage A., this policy does not apply to:

\* \* \*

15. any Claim based upon or arising out of any products or goods manufactured, sold, handled, or distributed or work completed by the Insured or by others operating under the direction or control of the Insured in violation of any law, statute, ordinance, or regulation, Federal, state or Municipal government, or agencies thereof…

\* \* \*

17.    Exclusion B.15 in the Policy (hereinafter the "Violation of Law Exclusion") bars coverage for the claims at issue in the Underlying Action.

18.    The Policy includes an endorsement on form MEGL 1894 10 17 entitled "Premier Nutra Enhancement" (the "Premier Endorsement"), which modifies insurance provided under the General Liability (Including Products and Completed Operations Liability) Insurance Policy form.

19.    The Premier Endorsement states, in relevant part:

**<u>PREMIER NUTRA ENHANCEMENT</u>**

\* \* \*

B.  **Additional Insured – Vendors Broad Form**

Section THE INSURED is amended to include as an Insured the following:

Any person or organization that is a vendor of the Named Insured (hereinafter referred to as Vendor), but only with respect to the sale of the products or goods specified in Item 6. of the Declarations; provided, however, that coverage afforded to the Vendor shall not apply to any:

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR
DECLARATORY RELIEF AND REIMBURSEMENT OF DEFENSE FEES
AND COSTS

1. express warranty, unauthorized by the Named Insured;

2. act of the Vendor which changes the condition of such product or good or causes or contributes to the alleged Bodily Injury or Property Damage;

3. failure to maintain such product or good in merchantable condition;

4. failure to make such inspections, adjustments, tests or servicing as the Vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of such product or good;

5. such products or goods which, after distribution or sale by the Named Insured, have been labeled or relabeled or used as a container, part or ingredient of any other product or good, thing or substance by or for the Vendor.

The coverage afforded by this provision does not apply to any person or organization, as insured, from whom the Named Insured has acquired such products or goods or any ingredient, part or container, entering into, accompanying or containing such products or goods.

**C. Additional Insured as Required by Written Contract**

Section THE INSURED is amended to include as an Insured the following:

Any person or organization the Named Insured is required to include as an additional insured on this policy by a written contract or written agreement in effect during the Policy Period and executed prior to the Bodily Injury or Property Damage and Occurrence, hereinafter referred to as an Additional Insured.

\* \* \*

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT OF DEFENSE FEES AND COSTS

The insurance provided to the Additional Insured is limited as follow:

\*   \*   \*

5. where no coverage is afforded under this policy for the Named Insured, no coverage or defense shall be afforded to the Additional Insured.

\*   \*   \*

**The Underlying Action**

20. On or after February 22, 2019, Plaintiffs filed the Underlying Action against AMA, Ahmad, Amazon LLC, Amazon Services, and others in the Superior Court of the State of California, County of Los Angeles. Thereafter, Plaintiffs amended their Complaint three times and on August 10, 2020, Plaintiffs filed the operative Third Amended Complaint alleging causes of action for: (1) Strict Products Liability; (2) Negligence; (3) Failure to Warn; (4) Breach of Warranty of Merchantability; (5) Breach of Express Warranty; (6) Breach of Implied Warranty; (7) Fraud; (8) Negligent Misrepresentation; and (9) Loss of Consortium. A true and correct copy of the Third Amended Complaint in the Underlying Action is attached as **Exhibit B**.

21. The Underlying Action alleges that on October 8, 2017, Plaintiffs purchased a shipment of Rhino Products, specifically "Rhino 50K," through Amazon LLC and Amazon Services. Due to an issue with receiving the Rhino Products, Amazon LLC and Amazon Services allegedly generated a new order of "Rhino 50K" for Plaintiffs, which was supplied by AMA on October 13, 2017.

22. The Underlying Action alleges that from October 27, 2017 to November 17, 2017, Jeffery Sapp ingested one "Rhino 50K" pill weekly. Thereafter, on November 20, 2017, Jeffrey Sapp suffered a heart attack and sudden drop in blood pressure, allegedly as a result of the undisclosed pharmaceutical drugs, such as sildenafil and tadalafil, contained within the Rhino 50K pills.

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT OF DEFENSE FEES AND COSTS

23.     The Underlying Action alleges that the Defendants, including AMA, Amazon Services, Amazon LLC, and Ahmad ("Defendants"), designed, manufactured, sold, marketed, advertised, labeled, packaged, and/or distributed various Rhino Products which allegedly contained undisclosed and unapproved pharmaceutical drugs, including but not limited to sildenafil, desmethyl carbodenafil, dapoxetine, and tadalafil.   The Rhino Products were allegedly manufactured by unknown entities and imported into the United States, despite the packaging claiming that the pills were "Made in the U.S.A."

24.     The Underlying Action alleges that Ahmad controlled and operated AMA, and was allegedly the sole director, officer, and shareholder of AMA.

25.     The Underlying Action alleges that the Defendants falsely advertised Rhino Products as safe, "natural," and did not require a doctor's prescription, made false and misleading representations and statements regarding the Rhino Products, and failed to disclose and adequately warn of the ingredients in, and risks associated with, the Rhino Products, all while having knowledge that the representations and statements were false.

26.     The Underlying Action alleges that because the Rhino Products, including Rhino 50K, contained undisclosed prescription drugs, and because Defendants knew or should have known the Rhino Products contained undisclosed pharmaceutical ingredients as the FDA flagged various Rhino Products and issued warnings, it was unlawful for Defendants to sell the Rhino Products to consumers, including to Plaintiffs.

27.     The Underlying Action alleges that many Rhino Products, including Rhino 50K, have been subjected to laboratory testing, which revealed that these products contained undisclosed drug ingredients such as tadalafil, sildenafil, desmethyl carbodenafil, dapoxetine, and other alleged undisclosed ingredients.

/ / /

/ / /

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT OF DEFENSE FEES AND COSTS

28.    As it pertains to AMA, Amazon Services, Amazon LLC, and Ahmad, the Underlying Complaint asserts causes of action based on their actions in allegedly designing, manufacturing, packaging, marketing, advertising, distributing, and selling allegedly defective and dangerous Rhino Products that contained undisclosed pharmaceutical drugs in violation of federal law, knowingly doing so, failing to disclose and adequately warn of the ingredients in the Rhino Products, and making false and misleading statements, misrepresentations and/or omissions concerning the Rhino Products.

29.    On or about December 14, 2020, Amazon LLC and Amazon Services filed a Cross-Complaint in the Underlying Action against AMA, Ahmad, and others alleging causes of action for:  (1) Equitable Indemnity; and (2) Contribution.  A true and correct copy of Amazon LLC and Amazon Services' Cross-Complaint in the Underlying Action is attached as **Exhibit C**.

30.    Amazon LLC and Amazon Services allege in their Cross-Complaint that all or some portion of the damages alleged in Plaintiffs' operative Complaint were proximately caused and contributed to by the acts, omissions, fault, and tortious conduct of AMA, Ahmad, and others, and therefore, Amazon LLC and Amazon Services are entitled to be indemnified by AMA, Ahmad, and others for any recovery Plaintiffs may realize against Amazon LLC and Amazon Services, including but not limited to any settlement amounts, judgments, attorneys' fees, costs of suit, and such other and further relief.

31.    As it pertains to AMA and Ahmad, Amazon LLC and Amazon Services' Cross-Complaint asserts causes of action based on their actions in allegedly engaging in such activities, and/or negligently and carelessly conducting themselves in such as manner as to precipitate or cause Plaintiffs' alleged injuries.

32.    The Parties do not dispute that the Rhino 50K pills at issue in the Underlying Action contained tadalafil.

/ / /

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT OF DEFENSE FEES AND COSTS

1

**Evanston's Coverage Position**

2    33.    Evanston is defending AMA, Ahmad, Amazon LLC, and Amazon

3    Services in the Underlying Action subject to a reservation of rights and has incurred

4    defense fees and costs[2] in the defense of these parties.

5    34.    By letters dated November 15, 2019 and February 9, 2021, Evanston

6    advised AMA and Ahmad that the claims asserted in the Underlying Action were

7    excluded from coverage under the Policy based on the Violation of Law Exclusion.

8    Evanston also advised that other Policy provisions may apply to bar or limit

9    coverage.

10    35.    In its letters to AMA and Ahmad, Evanston reserved its rights to

11    recover all defense fees and costs for claims not covered by the Policy.

12    36.    By letters dated November 15, 2019 and February 9, 2021, Evanston

13    advised Amazon LLC and Amazon Services that the claims asserted in the

14    Underlying Action were excluded from coverage under the Policy based on the

15    Violation of Law Exclusion.  Evanston also advised that other Policy provisions may

16    apply to bar or limit coverage.

17    37.    In its letters to Amazon LLC and Amazon Services, Evanston reserved

18    its rights to recover all defense fees and costs for claims not covered by the Policy.

19    38.    Amazon LLC and Amazon Services have not provided Evanston with

20    sufficient information to determine whether they qualify as insureds under the

21    Additional Insured as Required by Written Contract provision in the Premier

22    Endorsement; nonetheless, Evanston does not dispute that Amazon LLC and

23    Amazon Services qualify as insureds under "B. Additional Insured – Vendors Broad

24    Form" in the Premier Endorsement.

25    / / /

26    / / /

27

28    ---
[2] "Defense fees and costs" includes "Claim Expenses."

13

**EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT OF DEFENSE FEES AND COSTS**

**FIRST CAUSE OF ACTION**

(For Declaratory Relief That Evanston Has No Duty To

Defend AMA in The Underlying Action)

39.    Evanston hereby incorporates and realleges paragraphs 1 through 38 as though fully set forth herein.

40.    An actual controversy has arisen and now exists between Evanston and AMA in that Evanston contends that it owes no duty to defend AMA in the Underlying Action and, upon information and belief, AMA contends that Evanston is obligated under the terms of the Policy to defend AMA in the Underlying Action.

41.    Evanston desires a judicial determination that Evanston owes no duty to defend AMA in the Underlying Action.

**SECOND CAUSE OF ACTION**

(For Declaratory Relief That Evanston Has No Duty To Indemnify

AMA in The Underlying Action)

42.    Evanston hereby incorporates and realleges paragraphs 1 through 41 as though fully set forth herein.

43.    An actual controversy has arisen and now exists between Evanston and AMA in that Evanston contends that it owes no duty to indemnify AMA in the Underlying Action and AMA contends, upon information and belief, that Evanston is obligated under the terms of the Policy to indemnify AMA in the Underlying Action.

44.    Evanston desires a judicial determination that Evanston owes no duty to indemnify AMA in the Underlying Action.

**THIRD CAUSE OF ACTION**

(For Declaratory Relief – Reimbursement of Defense Fees and Costs from AMA)

45.    Evanston hereby incorporates and realleges paragraphs 1 through 41 as though fully set forth herein.

/ / /

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT OF DEFENSE FEES AND COSTS

46. An actual controversy has arisen and now exists between Evanston and AMA concerning AMA's obligation to reimburse Evanston for amounts it has paid to defend AMA in the Underlying Action. Evanston alleges that it is entitled to reimbursement from AMA for defense fees and costs incurred by Evanston in defending AMA in the Underlying Action against claims not even potentially covered by the Policy. Evanston is informed and believes that AMA disagrees with Evanston's position.

47. Evanston desires a judicial determination of the respective rights and duties of Evanston and AMA with respect to AMA's obligation to reimburse Evanston for defense fees and costs that Evanston paid to defend AMA in the Underlying Action.

48. Such a declaration is necessary and appropriate at this time in order for the parties to ascertain their rights and duties.

## **FOURTH CAUSE OF ACTION**

(For Declaratory Relief That Evanston Has No Duty To

Defend Ahmad in The Underlying Action)

49. Evanston hereby incorporates and realleges paragraphs 1 through 38 as though fully set forth herein.

50. An actual controversy has arisen and now exists between Evanston and Ahmad in that Evanston contends that it owes no duty to defend Ahmad in the Underlying Action and, upon information and belief, Ahmad contends that Evanston is obligated under the terms of the Policy to defend Ahmad in the Underlying Action.

51. Evanston desires a judicial determination that Evanston owes no duty to defend Ahmad in the Underlying Action.

/ / /

/ / /

/ / /

/ / /

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR
DECLARATORY RELIEF AND REIMBURSEMENT OF DEFENSE FEES
AND COSTS

**FIFTH CAUSE OF ACTION**

(For Declaratory Relief That Evanston Has No Duty To Indemnify

Ahmad in The Underlying Action)

52.    Evanston hereby incorporates and realleges paragraphs 1 through 38 and paragraphs 49 through 51 as though fully set forth herein.

53.    An actual controversy has arisen and now exists between Evanston and Ahmad in that Evanston contends that it owes no duty to indemnify Ahmad in the Underlying Action and Ahmad contends, upon information and belief, that Evanston is obligated under the terms of the Policy to indemnify Ahmad in the Underlying Action.

54.    Evanston desires a judicial determination that Evanston owes no duty to indemnify Ahmad in the Underlying Action.

**SIXTH CAUSE OF ACTION**

(For Declaratory Relief – Reimbursement of Defense Fees and Costs from Ahmad)

55.    Evanston hereby incorporates and realleges paragraphs 1 through 38 and paragraphs 49 through 51 as though fully set forth herein.

56.    An actual controversy has arisen and now exists between Evanston and Ahmad concerning Ahmad's obligation to reimburse Evanston for amounts it has paid to defend Ahmad in the Underlying Action.  Evanston alleges that it is entitled to reimbursement from Ahmad for defense fees and costs incurred by Evanston in defending Ahmad in the Underlying Action against claims not even potentially covered by the Policy.  Evanston is informed and believes that Ahmad disagrees with Evanston's position.

57.    Evanston desires a judicial determination of the respective rights and duties of Evanston and Ahmad with respect to Ahmad's obligation to reimburse Evanston for defense fees and costs that Evanston paid to defend Ahmad in the Underlying Action.

/ / /

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR
DECLARATORY RELIEF AND REIMBURSEMENT OF DEFENSE FEES
AND COSTS

58.     Such a declaration is necessary and appropriate at this time in order for the parties to ascertain their rights and duties.

**SEVENTH CAUSE OF ACTION**

(For Declaratory Relief That Evanston Has No Duty To

Defend Amazon LLC in The Underlying Action)

59.     Evanston hereby incorporates and realleges paragraphs 1 through 38 as though fully set forth herein.

60.     An actual controversy has arisen and now exists between Evanston and Amazon LLC in that Evanston contends that it owes no duty to defend Amazon LLC in the Underlying Action and, upon information and belief, Amazon LLC contends that Evanston is obligated under the terms of the Policy to defend Amazon LLC in the Underlying Action.

61.     Evanston desires a judicial determination that Evanston owes no duty to defend Amazon LLC in the Underlying Action.

**EIGHTH CAUSE OF ACTION**

(For Declaratory Relief That Evanston Has No Duty To Indemnify

Amazon LLC in The Underlying Action)

62.     Evanston hereby incorporates and realleges paragraphs 1 through 38 and paragraphs 59 through 61 as though fully set forth herein.

63.     An actual controversy has arisen and now exists between Evanston and Amazon LLC in that Evanston contends that it owes no duty to indemnify Amazon LLC in the Underlying Action and Amazon LLC contends, upon information and belief, that Evanston is obligated under the terms of the Policy to indemnify Amazon LLC in the Underlying Action.

64.     Evanston desires a judicial determination that Evanston owes no duty to indemnify Amazon LLC in the Underlying Action.

/ / /

/ / /

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT OF DEFENSE FEES AND COSTS

**NINTH CAUSE OF ACTION**

(For Declaratory Relief – Reimbursement of Defense Fees and Costs from Amazon LLC)

65.     Evanston hereby incorporates and realleges paragraphs 1 through 38 and paragraphs 59 through 61 as though fully set forth herein.

66.     An actual controversy has arisen and now exists between Evanston and Amazon LLC concerning Amazon LLC's obligation to reimburse Evanston for amounts it has paid to defend Amazon LLC in the Underlying Action. Evanston alleges that it is entitled to reimbursement from Amazon LLC for defense fees and costs incurred by Evanston in defending Amazon LLC in the Underlying Action against claims not even potentially covered by the Policy. Evanston is informed and believes that Amazon LLC disagrees with Evanston's position.

67.     Evanston desires a judicial determination of the respective rights and duties of Evanston and Amazon LLC with respect to Amazon LLC's obligation to reimburse Evanston for defense fees and costs that Evanston paid to defend Amazon LLC in the Underlying Action.

68.     Such a declaration is necessary and appropriate at this time in order for the parties to ascertain their rights and duties.

**TENTH CAUSE OF ACTION**

(For Declaratory Relief That Evanston Has No Duty To Defend Amazon Services in The Underlying Action)

69.     Evanston hereby incorporates and realleges paragraphs 1 through 38 as though fully set forth herein.

70.     An actual controversy has arisen and now exists between Evanston and Amazon Services in that Evanston contends that it owes no duty to defend Amazon Services in the Underlying Action and, upon information and belief, Amazon Services contends that Evanston is obligated under the terms of the Policy to defend Amazon Services in the Underlying Action.

71.     Evanston desires a judicial determination that Evanston owes no duty to defend Amazon Services in the Underlying Action.

## ELEVENTH CAUSE OF ACTION

(For Declaratory Relief That Evanston Has No Duty To Indemnify Amazon Services in The Underlying Action)

72.     Evanston hereby incorporates and realleges paragraphs 1 through 38 and paragraphs 69 through 71 as though fully set forth herein.

73.     An actual controversy has arisen and now exists between Evanston and Amazon Services in that Evanston contends that it owes no duty to indemnify Amazon Services in the Underlying Action and Amazon Services contends, upon information and belief, that Evanston is obligated under the terms of the Policy to indemnify Amazon Services in the Underlying Action.

74.     Evanston desires a judicial determination that Evanston owes no duty to indemnify Amazon Services in the Underlying Action.

## TWELFTH CAUSE OF ACTION

(For Declaratory Relief – Reimbursement of Defense Fees and Costs from Amazon Services)

75.     Evanston hereby incorporates and realleges paragraphs 1 through 38 and paragraphs 69 through 71 as though fully set forth herein.

76.     An actual controversy has arisen and now exists between Evanston and Amazon Services concerning Amazon Services' obligation to reimburse Evanston for amounts it has paid to defend Amazon Services in the Underlying Action. Evanston alleges that it is entitled to reimbursement from Amazon Services for defense fees and costs incurred by Evanston in defending Amazon Services in the Underlying Action against claims not even potentially covered by the Policy. Evanston is informed and believes that Amazon Services disagrees with Evanston's position.

/ / /

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT OF DEFENSE FEES AND COSTS

77.     Evanston desires a judicial determination of the respective rights and duties of Evanston and Amazon Services with respect to Amazon Services' obligation to reimburse Evanston for defense fees and costs that Evanston paid to defend Amazon Services in the Underlying Action.

78.     Such a declaration is necessary and appropriate at this time in order for the parties to ascertain their rights and duties.

### **PRAYER**

WHEREFORE, Evanston prays for judgment as follows:

1.   For a declaration that Evanston Insurance Company owes no duty to defend AMA Wholesale Inc. in the Underlying Action;

2.   For a declaration that Evanston Insurance Company owes no duty to indemnify AMA Wholesale Inc. in the Underlying Action;

3.   For a declaration that AMA Wholesale Inc. is obligated to reimburse Evanston Insurance Company for defense fees and costs that Evanston Insurance Company has paid to defend AMA Wholesale Inc. in the Underlying Action;

4.   For a declaration that Evanston Insurance Company owes no duty to defend Layiq Ahmad in the Underlying Action;

5.   For a declaration that Evanston Insurance Company owes no duty to indemnify Layiq Ahmad in the Underlying Action;

6.   For a declaration that Layiq Ahmad is obligated to reimburse Evanston Insurance Company for defense fees and costs that Evanston Insurance Company has paid to defend Layiq Ahmad in the Underlying Action;

7.   For a declaration that Evanston Insurance Company owes no duty to defend Amazon.com, LLC in the Underlying Action;

8.   For a declaration that Evanston Insurance Company owes no duty to indemnify Amazon.com, LLC in the Underlying Action;

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT OF DEFENSE FEES AND COSTS

9.    For a declaration that Amazon.com, LLC is obligated to reimburse Evanston Insurance Company for defense fees and costs that Evanston Insurance Company has paid to defend Amazon.com, LLC in the Underlying Action;

10.   For a declaration that Evanston Insurance Company owes no duty to defend Amazon.com Services, Inc. in the Underlying Action;

11.   For a declaration that Evanston Insurance Company owes no duty to indemnify Amazon.com Services, Inc. in the Underlying Action;

12.   For a declaration that Amazon.com Services, Inc. is obligated to reimburse Evanston Insurance Company for defense fees and costs that Evanston Insurance Company has paid to defend Amazon.com Services, Inc. in the Underlying Action;

13.   For recovery of its costs of suit herein; and

14.   For such other relief as the Court herein deems just and proper.

Dated:  April 1, 2022                    TRESSLER LLP


By:  _____*/s/ Linda Bondi Morrison*_____
Linda Bondi Morrison
Attorney for Plaintiff
EVANSTON INSURANCE COMPANY

4870-4778-5238, v. 2

21

EVANSTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT OF DEFENSE FEES AND COSTS